MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone: (415) 882-7900
Facsimile: (415) 882-7900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PITTSBURG GLASS COMPANY and LEWIS BIDWELL<br><br>Defendant | CASE NO.: C 04-3095 JSW<br><br>**REQUEST TO ISSUE WRIT OF EXECUTION;**<br><br>**DECLARATION OF MICHELE R. STAFFORD IN SUPPORT THEREOF;**<br><br>**PROPOSED ORDER** |

I, Michele R. Stafford, declare under penalty of perjury that:

1. I am the attorney for the plaintiffs in the above-entitled action.

2. On or about September 1, 2004, within ten years last past, a Judgment Pursuant to Stipulation was entered in the amount of $24,062.49, for and on behalf of said plaintiffs and against defendants and judgment debtors, Pittsburg Glass Company and Lewis Bidwell. The Judgment requires that monthly payments be made, in the amount of $2,071.00, to be received on or before the 10th of each month. The payments are to be applied first to interest, then to principal, with interest accruing at the rate of 6% per annum.

3. Eleven stipulated payments were made in the total amount of **$22,781.00.** This includes interest through June 21, 2005.

5. Paragraph 6 of the Stipulated Judgment requires that defendant remain current in payment of current contributions, and that any unpaid contributions become part of the Judgment.

                                                         REQUEST TO ISSUE WRIT
                                                                OF EXECUTION...
- 1 -                                                  CASE NO.: C 04-3095 JSW

On June 27, 2005, defendant was provided with a default notice in writing, pursuant to paragraph 4 of the Stipulation, regarding non-payment of contributions due for hours worked in April 2005. Defendant was also reminded that the final stipulated payment was due on July 1, 2005, and informed on the total amount due to sastify the Judgment Pursuant to Stipulation. The final payment was never received, April contributions remain delinquent and defendant has not <u>reported</u> or <u>paid</u> the its monthly contributions due to Local 169 for the months of June, July and August 2005, and monthly contributions due to Local 767 for the months of July and August 2005. Pursuant to the Trust Funds' policy and procedure, in the absence of contribution reports, the contributions owed are estimated, based on the last reported month. For instance here, the last month reported by this defendant for Local 169 was the month of May 2005, and for Local 767 it was the month of June 2005. Rather than assume that no contributions are due, which would only encourage employers not to submit reports, contrary to the terms of their Collective Bargaining Agreement, and the best interest of the Trust Funds and the employees, the Trust Funds estimate the amounts due. Each month is estimated as that reported for May 2005 in the amount of $11,189.44, for Local 169, and that reported for June 2005 in the amount of $2,539.88, for Local 767 for a total estimated amount of $33,675.31.

6. Paragraph 6 of the Judgment reads (in pertinent part) as follows:

> In the event that Defendants fail to make any payment required under Paragraph 4 above, or fail to remain current in any contributions under paragraph 5 above, then,
> 
> (A) The entire balance of **$24,062.49**, less principal payments received by Plaintiffs, but *increased by any unpaid contributions then due, plus 20% liquidated damages and 6% per annum interest thereon as provided in above paragraph 4 and 5 shall be immediately due, together with any additional attorneys' fees and costs under section (D) below.*
> 
> (B) A writ of execution may be obtained against Defendants without further legal action, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendants and the balance due and owing as of the date of default.
> ....
> (D) Defendants shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection of the amounts owed by defendants to plaintiffs under this Stipulation.

7. Defendant has paid its contributions late for every month from August 2004 through May 2005, and has failed to make payment for contributions due for the months as described above, incurring liquidated damages of 20% ($18,257.97) and interest (at 6% per annum to December 31, 2004 and at a rate of 5% per annum thereafter) in the amount of $446.28. Pursuant to paragraph 6 of the Judgment, subparagraph (A), these amounts are now due and payable. The amounts due are itemized below.

8. In addition, pursuant to paragraph 6(D) of the Judgment, (see above) defendant is responsible for all attorneys fees and costs incurred in connection with the collection of amounts due under the Judgment. The Judgment included attorneys fees through July 30, 2004. Beginning August 1, 2004, and continuing through September 16, 2005, the following additional fees and costs have been incurred:

Muriel B. Kaplan, a shareholder with this firm spent 6.7 hours from August 2, 2004 through June 30, 2005, when her time was billed at the rate of $165.00 per hour, totaling $1,105.50, and spent 1.0 hours from July 1, 2005 through September 16, 2005, when her time was billed at the rate of $170.00 per hour, totaling $170.00, in connection with the following activities: review of signed stipulation, review of employer's monthly reports and spreadsheets from administrator regarding compliance with judgment, telephone calls with employer regarding payments, preparation of numerous default notices to employer, review contract documentation provided by employer in response to default notice.

I personally spent 11.2 hours from August 2, 2004 through June 30, 2005, when her time was billed at the rate of $160.00 per hour, totaling $1,792.00, and spent .9 hours from July 1, 2005 through September 16, 2005, when her time was billed at the rate of $165.00 per hour, totaling $148.50 in connection with the following activities: receipt and transmittal of stipulated payments, interest calculations and instructions to administrator regarding same, investigation regarding contract data provided by employer and review of possible collection methods regarding same, preparation of this Declaration.

I am informed and believe that Tamra Brown, the paralegal employed by this law

firm, spent 7.3 hours from August 2, 2004 through June 30, 2005, when her time was billed at the rate of $95.00 per hour, totaling $693.50, and spent 7.4 hours from July 1, 2005 through September 16, 2005, when her time was billed at the rate of $97.50 per hour, totaling $721.50, relative to processing and filing various documents with the Court.

The additional attorneys fees reasonably incurred by plaintiffs therefore total $4,631.00 from August 2, 2004 through September 16, 2005.

9. The amount now due under the terms of the Judgment Pursuant to Stipulation are:

| | | | | |
|---|---|---|---|---|
| Balance of Stipulated Judgment | | | | $ 1,996.81 |
| 6% Interest on Stipulation balance (6/21/05 to 9/30/05) | | | | $ 33.09 |
| Contributions | Local 169 | | | |
| | April 2005 (balance) | $ 106.99 | | |
| | June 2005 | $11,189.44, est. | | |
| | July 2005 | $11,189.44, est. | | |
| | August 2005 | $11,189.44, est. | | $33,675.31 |
| | Local 767 | | | |
| | July 2005 | $2,539.88, est. | | |
| | August 2005 | $2,539.88, est. | | $ 5,079.76 |
| 20% Liquidated Damages on late-paid Contributions (estimated where identified above) | | | | |
| | Local 169 | 8/04 to 7/05 | | $16,660.43 |
| | Local 767 | 4/05 to 7/05 | | $ 1,597.54 |
| Interest on late-paid Contributions (to date paid or 09/30/05) | | | | |
| | Local 169 | 8/04 to 7/05 | | $ 393.58 |
| | Local 767 | 4/05 to 7/05 | | $ 52.70 |
| Attorneys Fees (7/31/04 - 9/16/05) | | | | $ 4,631.00 |
| | | | TOTAL | $64,120.22 |

10. An original Writ of Execution is enclosed herein for issuance by the Court.

//

//

//

WHEREFORE, it is prayed that a Writ of Execution be promptly issued for $64,120.22, plus 6% interest until satisfied against **Pittsburg Glass Company and Lewis Bidwell, individually,** and that the Court retain jurisdiction over this matter.

Dated: September 22, 2005                SALTZMAN & JOHNSON LAW CORPORATION


                                         _____/s/_____
                                         Michele R. Stafford
                                         Attorneys for Plaintiffs


**ORDER**

Let a Writ of Execution be issued in the sum of $64,120.22, plus 6% per annum interest until satisfied, in favor of plaintiffs and against judgment debtors, Pittsburg Glass Company and Lewis Bidwell. This matter shall remain under this Court's jurisdiction.

Dated: October 12, 2005                  _____/s/ Jeffrey S. White_____
                                         Jeffrey S. White
                                         United States District Court Judge